IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTEL FULLER             )<br>                           )<br>     Plaintiff,           )<br>                           )<br>     v.                    )<br>                           )<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security,        )<br>                           )<br>     Defendant.            )<br>_____)  | CIV F 06-1710  AWI SMS<br><br>ORDER ON MAGISTRATE<br>JUDGE'S FINDINGS AND<br>RECOMMENDATIONS<br><br>(Doc. No. 31) |

Plaintiff Chantel Fuller seeks judicial review of the final decision of Defendant Commissioner of Social Security, Michael Astrue.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(C)(15).

On May 28, 2008, the Magistrate Judge filed findings and recommendations in which she recommended granting judgment in favor of Defendant.[1]  These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed by June 30, 2008.  Plaintiff filed objections on June 27, 2008.  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) this court has conducted a *de novo* review.  See Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004).

---

[1] The parties are familiar with the facts.  For a detailed factual account, including a review of the administrative findings and record, see the Findings and Recommendation.  See Court's Docket Doc. No. 31.

1    Plaintiff contends that the Magistrate Judged erred by finding sufficient evidence to
2 support the ALJ's rejection of the opinions of Dr. Wilson (an examining physician)[2] and Dr.
3 Garcia (a non-examining physician)[3] that Plaintiff could not work alongside others or be exposed
4 to the public.  Plaintiff also contends that the Magistrate Judge erred by finding sufficient
5 evidence to support the ALJ's conclusion that Plaintiff could have occasional contact with
6 supervisors and moderate exposure to co-workers and the public.

   An ALJ is responsible for determining credibility and resolving conflicts in testimony, and is responsible for resolving ambiguities in the record.  Magallenes v. Bowen, 881 F.3d 747, 750 (9th Cir.1989).  An ALJ must provide clear and convincing reasons for rejecting an uncontradicted opinion of an examining physician.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  An ALJ may comply with this obligation by "providing a detailed summary of the facts and conflicting clinical evidence, along with a reasoned interpretation thereof . . . and the ALJ's reasons for rejecting the doctor's opinion must be 'clear and convincing.'"  Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989).  When an opinion by an examining physician is contradicted, it may be rejected for specific and legitimate reasons supported by substantial evidence.  Lester, 81 F.3d at 830.  In assessing the opinions of a physician, an ALJ may consider: whether the opinion is based on or supported by relevant evidence like medical signs or laboratory findings, the explanation provided in support of an opinion, how consistent the opinion is with the record as a whole, how conclusory and unsubstantiated by relevant medical documentation the opinion may be, the presence or absence of findings in support of an opinion, whether there are inconsistent conclusions within the physician's own findings, and whether a conclusion is contradicted by contemporaneous findings.  See 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d); Johnson v. Shalala, 60 F.2d 1428, 1432-33 (9th Cir. 1995); Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992); Magallenes, 881 F.2d at 757.

---

[2] Dr. Wilson, in part, opined that Plaintiff was unable to interact with co-workers, supervisors, and the general public due to a personality disorder.  See Administrative Record at 214.

[3] Dr. Garcia, in part, indicated that Plaintiff "Can't be in close proximity to others or work with the general public but can adapt to changes in a work setting."  Administrative Record at 236.

Here, the Magistrate Judge reviewed the ALJ's findings, including all of the relevant medical evidence, and the conclusion regarding Plaintiff's ability to interact with co-workers and the public. The ALJ noted, as discussed by the Magistrate Judge, that Plaintiff's treating health care provider noted twice that Plaintiff could work, Dr. Wilson's opinion was not supported by other medical records or test results, Dr. Wilson's opinion was inconsistent in that he gave Plaintiff a GAF score of 68 which is indicative of only mild symptoms,[4] no other treatment source diagnosed Plaintiff with the disorder diagnosed by Dr. Wilson, and Plaintiff generally only had mild medical treatment for her conditions. The ALJ considered all of the medical evidence, including that of Wilson and Garcia, and made findings that he believed was consistent with Plaintiff's treating providers. See Administrative Record at 21. As recognized by the Magistrate Judge, it is the function of the ALJ to reconcile ambiguities, tensions, and conflicts within the medical evidence. See Magallenes, 881 F.2d at 750. The Court agrees with the Magistrate Judge that the ALJ gave sufficient reasons for rejecting the particular opinions of Drs. Wilson and Garcia and that substantial evidence supports the ALJ's conclusion. See 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d); Lester, 81 F.3d at 830-31; Johnson v. Shalala, 60 F.2d 1428, 1432-33 (9th Cir. 1995); Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992); Magallenes, 881 F.2d at 750, 757.

Plaintiff also contends that the Magistrate Judge incorrectly interpreted *Magallenes v. Bowen*, 881 F.2d 747 (9th Cir. 1989) to mean that a fact finder may "reject the opinion of an expert, and substitute its own, where the fact finder does not agree with everything the expert says." However, in pertinent part, *Magallenes* states, "To the extent that Dr. Sigurdson's testimony was equivocal or even supported Magallenes's position, it was the responsibility of the ALJ to consider it along with other conflicting evidence and opinion testimony in reaching his

---

[4]The Court notes that Dr. Garcia's opinion is also inconsistent on this point. Dr. Garcia opined, without elaboration, that Plaintiff "Can't be in close proximity to others or work with the general public but can adapt to changes in a work setting." Administrative Record at 234. Prior to this statement, however, by sections entitled "The ability to work in coordination or proximity to others without being distracted by them," " the ability to interact appropriately with the general public," "the ability to accept instructions and respond appropriately to criticism from supervisors," and "the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes," respectively, Dr. Garcia indicated "moderately limited" instead of "markedly limited." Administrative Record at 234-35.

conclusion. It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'" Magallenes, 881 F.2d at 753. *Magallenes* indicates that the ALJ may disagree with parts of a physician's opinion and yet that very opinion may *contain* substantial evidence. Id. That is consistent with the Magistrate Judge's analysis. The ALJ credited some portions of Dr. Wilson and Dr. Garcia's respective opinions, but gave less credit to other portions of the opinions (as discussed above). The ALJ interpreted and resolved ambiguities from the entirety of the medical evidence.

Having carefully reviewed the file and the specific objections of the Commissioner, the court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued by the Magistrate Judge on May 28, 2008, are adopted;
2. Plaintiff's motion for summary judgment is DENIED;
3. Judgment in favor of Defendant and against Plaintiff shall be ENTERED; and
4. The Clerk shall close this case.

IT IS SO ORDERED.

**Dated:     September 30, 2008**              /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE